**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**EMPLOYERS & CEMENT MASONS#90
PENSION FUND AND EMPLOYERS AND
CEMENT MASONS #90 HEALTH AND
WELFARE FUND,**

**Plaintiffs,**

**v.**

**JIM REAGAN,**

**Defendant.**                                    **No. 05-CV-332-DRH**

**<u>ORDER</u>**

**HERNDON, District Judge:**

**I. <u>Background</u>**

Before the Court is a motion submitted by Plaintiffs, Employers & Cement Masons #90 Pension Fund and Employers and Cement Masons #90 Health & Welfare Fund (together, "Plaintiffs"), seeking judgment on the pleadings. (Doc. 13.) Plaintiffs, employee-benefit finds, filed their complaint against Defendant Jim Reagan ("Defendant") on May 10, 2005. (Doc. 1.) In it, they allege that Defendant failed to make required contribution payments. Defendant responded on July 1, 2005 via letter (Doc. 7), which the Court construed as a response to the complaint. (Doc. 8.) Defendant did not respond to the motion currently before the Court.

In their motion, Plaintiffs seek a judgment of the full amount requested

in their complaint, $8,630.92. (Doc. 13, p. 3.) They base their claim exclusively on the insufficiency of Defendant's answer. In their view, because **Federal Rule of Civil Procedure 8(d)** provides that averments made in a complaint are admitted when not denied in a required responsive pleading, the complaint's allegations should be deemed admitted and judgment against Defendant should follow. (*Id.* at p. 2.)

## II.  <u>Analysis</u>

"[P]ro se pleadings are held to less exacting standards than those prepared by counsel and are to be liberally construed." ***Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001)** (citing ***Haines v. Kerner*, 404 U.S. 51 (1972)**). Such pleadings, however, are still required to comply with applicable procedural rules. ***Anderson*, 241 F.3d at 545** (citing ***McNeil v. United States*, 508 U.S. 106, 113 (1993)** ("In the long run, experience teaches that strict adherence to procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law."); ***Members v. Paige*, 140 F.3d 699, 702 (7th Cir. 1998)** ("Rules apply to uncounseled litigants and must be enforced.")). In this regard, ***McNeil v. United States*** is particularly instructive; as the Supreme Court noted there, "we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." ***McNeil* 508 U.S. at 112**. Thus, although Defendant appears pro se, he still must comply with the Federal Rules of Civil Procedure.

**Federal Rule of Civil Procedure 8(d)** states in full that "Averments in

a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading. Averments in a pleading to which no responsive pleading is required or permitted shall be taken as denied or avoided."  With regard to the form of denials, **Federal Rule of Civil Procedure 8(b)** provides that

> [A party] shall admit or deny the averments upon which the adverse party relies. . . .  Denials shall fairly meet the substance of the averments denied. . . . Unless the pleader intends in good faith to controvert all the averments of the preceding pleading, the pleader may make denials as specific denials of designated averments or paragraphs as the pleader expressly admits; but when the pleader does so intend to controvert all its averments . . . the pleader may do so by general denial subject to the obligations set forth in Rule 11.

Here, the central — and for the purposes of Plaintiffs' motion for judgment on the pleadings, operative — paragraph in Plaintiff's complaint, paragraph seven, states that "Despite Defendant's obligations to make contributions to the Funds, Defendant has failed to make the required contribution payments to the Funds and is delinquent in the amount of $8,630.92.  A breakdown of damages is attached hereto and made a part hereof as Exhibit B."  (Doc. 13.) Plaintiffs argue that Defendant "gives no response to the portion of Paragraph 7 of Plaintiff's Complaint which references and specifically incorporates as Exhibit "B" an audit report providing a chronological list of the payment history and delinquent contributions owed by Defendant."  (Doc. 13, p. 2.) On this ground, and additionally because "Defendant's Answer gives no response whatsoever to the specific allegations listed in paragraphs 1-6, and 8-11" (*id.*), Plaintiffs claim they are entitled to a judgment of $8,630.92

against Defendant.

There is one averment that Plaintiffs do not argue Defendant failed to respond to: the averment in paragraph seven that Defendant "is delinquent in the amount of $8,630.92." This is presumably because in what this Court has construed as an answer to Plaintiffs' complaint, Defendant indicated that "we do not owe them any money." (Doc. 7, p. 1.) Plaintiff apparently takes the position that despite this denial, Defendant admits that it owes Plaintiffs $8,630.92 because he has not specifically denied the portion of the complaint referencing Exhibit B.

The Court finds this argument unpersuasive. To accept Plaintiff's argument would be to accept a logical inconsistency — that Defendant has denied owing Plaintiffs money, but has admitted that Exhibit B accurately represents the amount he owes. The Court finds this position untenable. The more cogent interpretation of Defendant's denial is that it extends to Exhibit B's breakdown of damages. In other words, by stating that he owes nothing to Plaintiffs, Defendant did not admit that he owes the amounts listed in Exhibit B.

That question decided, there is no other ground upon which to base a judgment for Plaintiffs at this time. Even if the Court were to interpret Defendant's answer as admitting all other averment in Plaintiffs' complaint, there would be an insufficient basis on which to resolve this matter against Defendant.

### III.  <u>Conclusion</u>

Accordingly, for the reasons above, the Court **DENIES** Plaintiffs' motion.

(Doc. 13.)

**IT IS SO ORDERED**.

Signed this 23rd day of January, 2006.

/s/           David RHerndon
**United States District Judge**