IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**EMPLOYERS & CEMENT MASONS#90
PENSION FUND AND EMPLOYERS AND
CEMENT MASONS #90 HEALTH AND
WELFARE FUND,**

**Plaintiffs,**

**v.**

**JIM REAGAN,**

**Defendant.**                                   **No. 05-CV-332-DRH**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

### I. Background

This matter comes before the Court on a motion submitted by Plaintiffs, Employers & Cement Masons #90 Pension Fund and Employers and Cement Masons #90 Health & Welfare Fund ("Plaintiffs"), seeking judgment on the pleadings. (Doc. 24.)  Plaintiffs filed their complaint against Defendant Jim Reagan ("Defendant") on May 10, 2005.  (Doc. 1.)  Plaintiffs allege that Defendant failed to make required contribution payments. Initially, Defendant failed to respond and Plaintiffs filed a motion for default judgment on June 24, 2005. (Doc. 5.)  On June 27, 2005, the Clerk granted the motion, but then Defendant sent a letter (Doc. 7) on July 1, 2005.  In an Order dated August 17, 2005, the Court generously construed

the letter as an answer to the complaint and set aside the default judgment. (Doc. 8.)

## II. Defendant's Failure to Comply with Court Orders

On September 14, 2005, Magistrate Judge Donald G. Wilkerson notified the parties that he was setting a telephonic scheduling/discovery conference for October 17, 2005. (Doc. 10.) On October 12, 2005, Judge Wilkerson changed the conference from a telephone conference to an in-person conference. Notice of this change was sent in writing to all of the parties. On October 17, 2005, Defendant did not show up or call in for the conference; instead he sent a letter to Judge Wilkerson's chambers stating that this matter had been settled by the Court "showing we were not in default." (Doc. 18-1.)

On October 18, 2005, Judge Wilkerson issued an order regarding Defendant's failure to appear at the scheduling/discovery conference. (Doc. 18.) The order stated that "[c]ontrary to the Defendant's understanding, this matter has not been settled." (*Id.*) The order further stated that while "the Court is not considering sanctions at this time, the Defendant is **WARNED** that he must comply with all notices and orders issued by the Court. If the Defendant is unable to meet a deadline or appear at a scheduled conference, he **MUST** file a motion to extend the deadline or to continue the conference to a later date. The failure to comply with any future notices or orders in this case **SHALL** result in sanctions." (*Id.*) On that same day, Judge Wilkerson also issued an Order and Notice of Settlement Conference, which set the settlement

conference for June 23, 2006. (Doc. 16)  Defendant failed to appear once again without any explanation.  On that same day, Judge Wilkerson issued an order directing Defendant to appear at a show cause hearing on July 7, 2006 to explain why he failed to appear at the settlement conference. (Doc. 21.)  The order stated that the "defendant is **WARNED** that the failure to appear at the Show Cause Hearing will result in a Report and Recommendation to the District Court that default judgment be entered against him." (*Id*.)  Not surprisingly, Defendant failed to appear at the Show Cause Hearing.  Having already warned Defendant that his failure to appear would result in a default judgment being entered against him, Judge Wilkerson ordered Plaintiffs to "file a motion seeking judgment or whatever relief it believes is appropriate.  The plaintiff's motion shall include a sum certain and documentation supporting the amount of judgment it seeks."  In response, Plaintiffs filed the present motion for judgment on the pleadings and supporting documentation. (Doc. 24.)  The undersigned judge is not sure whether counsel failed to direct the motion to the Magistrate Judge as he instructed or if the Clerk's office failed to follow the directive of the Court in referring the motion to the undersigned.  In any event, it is before this Court and the Defendant has offered no response.

## II. Analysis

Although Plaintiffs have filed a motion for judgment on the pleadings, the Court finds that default judgment should be entered against Defendant by virtue of striking Defendant's Answer as a sanction for his failure to comply with Court orders

pursuant to **FEDERAL RULES OF CIVIL PROCEDURE 16(f) and 37(b)(2)(C)**.[1] The United States Supreme Court has recognized that federal courts have the inherent power to "fashion an appropriate sanction for conduct which abuses the judicial process." ***Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991).** In addition, in this case, **FEDERAL RULES OF CIVIL PROCEDURE 16(f)** in conjunction with **Rule 37(b)(2)(C)** clearly grants courts the authority to sanction parties who fail to obey court orders. These sanctions include the right to enter default judgment against a defendant who has failed to comply with court orders. **FED. R. CIV. P. 37(b)(2)(C).**

Although Defendant is *pro se* and, therefore, possibly granted greater leniency in certain areas, the Court will not tolerate what it perceives as Defendant's total disrespect for the justice system. Defendant's failure to appear time and time again at pretrial conferences violated the Court's orders under **Rule16(f)**. This failure to comply is inexcusable and demonstrates bad faith, if not fault, on Defendant's part.

---

[1] **RULE 16(f)** states:
> If a party or party's attorney fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference, or if a party or party's attorney is substantially unprepared to participate in the conference, or if a party or party's attorney fails to participate in good faith, the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D).

**FED. R. CIV. P. 16(f).**

**RULE 37(b)(2)** provides that:
> [T]he court in which the action is pending may make such orders in regard to the failure [to obey an order] as are just, and among others the following. . . (C). . . rendering a judgment by default against the disobedient party. . .

**FED. R. CIV. P. 37(b)(2).**

Finally, Defendant was warned that his failure to appear and cooperate would ultimately result in a default judgment being entered against him. Defendant's failure to comply with the Court's order following this warning suggests that Defendant made a choice to willfully defy the Court. Therefore, the entry of default judgment against Defendant as a sanction under **RULE 16(f) and 37(b)** is appropriate in this case. ***See In re Thomas Consolidated Industries, Inc.,* 456 F.3d 719, 724 (7th Cir. 2006) (holding that default judgment under Rule 37(b) is appropriate where a court finds that the party to be sanctioned displayed willfulness, bad faith, or fault).**

### III. Conclusion

Accordingly, for the reasons above, the Court finds Plaintiffs' motion to strike the judgment on the pleadings to be **MOOT** (Doc. 24) and **ENTERS** a default judgment as a sanction against Defendant. In addition, the Court **ORDERS** the parties to appear at a hearing on Friday, June 8, 2007 at 3:00 p.m., at which time the Court will hear evidence on the issue of damages. The Defendant is invited to appear to show cause why he should be entitled to cross examine witnesses.

**IT IS SO ORDERED**.

Signed this 15th day of February, 2007.

/s/        David   RHerndon
**United States District Judge**